ANDREW JORGENSON *vs.* WILLIAM SMITH.

May 15, 1884.

Complaint considered, and *held* not to state a cause of action.

Appeal by defendant from an order of the district court for Dodge county, *Buckham,* J., presiding, overruling his general demurrer to the complaint.

*Chas. C. Willson,* for appellant.

*Robert Taylor* and *Geo. B. Edgerton,* for respondent.

MITCHELL, J.[1]  The complaint contains much, which, at most, is mere evidence, and not issuable facts.  But the substance of it is that plaintiff, at the request of defendant, went with the team of one Patterson (in whose employment he then was) to assist defendant in moving a building.  "That in the course of moving said building, said defendant directed plaintiff and others, aiding in the moving, to drive the horses attached to the building through an open space between certain rows of trees; that the space between said rows of trees through which the plaintiff and the others engaged in moving said building were ordered by defendant to move the same was too small to pass through with safety to the teams and the parties engaged in said undertaking; that defendant, through negligence and carelessness, failed to make the space between the trees through which said building was to pass large enough for the purpose, but told the workmen engaged in the undertaking that said space was 30 feet wide, while, as a matter of fact, it did not exceed 21 feet in width, and the building was 18 feet wide; that the plaintiff did not know but that said space was large enough for the purpose.  Plaintiff, by defendant's direction, fastened his master's team to the building, and drove it with due care until the teams and building were in the space between the rows of trees, and, on account of the space being too narrow, the building became lodged in the trees and jammed the plaintiff against one of the trees, thereby breaking one of his legs."

[1] Dickinson, J., because of illness, took no part in this decision.

The complaint also alleges that plaintiff was induced to go and assist in this work by defendant's representations that Patterson, his master, had promised that he should, which was false. This is wholly immaterial and unimportant. The gist of the action is defendant's negligence, and not the falsity of these representations. These false representations were in no sense the proximate cause of the injury.

It is also clear that, for the time being, plaintiff was in the service of defendant, and that the relation of master and servant existed between them. Hence the duty and liability of defendant to plaintiff was that of a master to a servant. Plaintiff combats this, but, in fact, it is the view most favorable to him, for, certainly, the duty of defendant, as master, to plaintiff, as his servant, would be as great as under any other supposable relation of the parties.

Does, then, the complaint allege any breach of duty on part of the defendant, as master, to plaintiff as his servant? We fail to find it. At first glance the pleading may seem to allege a great deal, but, when analyzed, it really alleges very little. Presumptively, from the facts stated, both parties had equal chance to see the situation. Everything was open to common observation, and each could see for himself. The only tangible thing on which to hang a charge of negligence is the allegation that defendant told the men that the space between the rows of trees was 30 feet, when, in fact, it was only 21 feet. But it is not alleged that plaintiff relied on this statement, or did not know that the space was only 21 feet. True, he says that he did not know but that the space was wide enough for the purpose; but this does not imply that he thought it was 30 feet. For anything that appears, plaintiff relied on his own estimate of the space, and not that of defendant. The complaint is too scant. If plaintiff, on the trial, was to prove all that he has alleged and no more, he could not recover.

Order reversed.